```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x

In re:                              :

GEORGE J. GABOURY and               :    BK No. 11-10725
JUDITH A. GABOURY                         Chapter 13
         Debtors
                                    :
- - - - - - - - - - - - - - - - - -x
```

## DECISION AND ORDER

APPEARANCES:

    John Boyajian, Esq.
    Chapter 13 Trustee
    BOYAJIAN, HARRINGTON & RICHARDSON
    182 Waterman Street
    Providence, Rhode Island 02906

    Russell D. Raskin, Esq.
    Attorney for Debtors
    Raskin & Berman
    116 East Manning Street
    Providence, Rhode Island 02906

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 11-10725

Heard on the Trustee's Objection to Confirmation of the Debtors' Chapter 13 plan.  The Trustee contends that the test for determining the size of a debtor's household for the purposes of completing Form B22A (the Means Test) should be based upon a consideration of the facts of each case, i.e., the Economic Unit approach.  On the other side of this issue, the Debtors, who provide lodging for their two adult children, favor either (or both) the Bureau of the Census's definition of "household" (the so-called "Heads on Beds" approach), or the Internal Revenue Service's ("I.R.S.") practice of counting the number of dependents according to certain Internal Revenue Code regulations.  The Court has heard oral arguments, and the parties have submitted written memoranda of law.  For the reasons discussed below, this Court finds the better reasoned analysis to be the "Economic Unit" approach, which, unlike the Census Bureau and the IRS approaches, looks at and gives the most weight to the facts and circumstances of each case.

## DISCUSSION

Put simply, the objectives of the means test are completely unrelated to the functions of either the Census Bureau or the I.R.S. "The appropriate definition of the debtor's 'household' must be the one which leads to the most accurate and realistic calculation of the debtor's projected disposable income given the economic realities of the debtor's family circumstances." *In re Robinson,* 449 B.R. 473, 481 (Bankr. E.D. Va. 2011).  Neither the Census Bureau nor the I.R.S. deal

1

BK No. 11-10725

with projected disposable income,[1] and unlike this Court, neither is charged with adjudicating the interests of bankruptcy debtors and creditors.

In contrast, the "Economic Unit" approach strives to determine, case-by-case, which people living in the same household constitute an economic entity. In applying the Economic Unit test, courts weigh a number of factors, including, but not limited to:

> 1) the degree of financial support provided to the individual by the debtor;
> 2) the degree of financial support provided to the debtor by the individual;
> 3) the extent to which the individual and the debtor share income and expenses;
> 4) the extent to which there is joint ownership of property;
> 5) the extent to which there are joint liabilities;
> 6) the extent to which assets owned by the debtor or the individual are shared, regardless of title; and
> 7) any other type of financial intermingling or interdependency between the debtor and the individual.

*In re Morrison,* 443 B.R. 378, 388 (Bankr. M.D. N.C. 2011).

In the present case, the issue is whether, for means test purposes, the Debtors' 27 year old son, George Gaboury Jr. ("Jr."), who lives at home and is "employed sporadically," is a member of the Debtors' household.[2] Applying the "Economic Unit" considerations to the facts of this case, it is clear that Jr. is not part of this

---

[1] Either of these approaches, if applied rigidly, is clearly capable of producing, and likely to cause absurd results.

[2] The Debtors' daughter, Megan (23), is a student enrolled in a student nursing program. Megan's status as a member of the household is not contested by the Trustee.

BK No. 11-10725

Economic Unit, and that while the Debtors do provide a roof over his head, additional support is limited to providing some cash through a bank account that may be accessed "only as needed." Jr.'s contribution to the household is minimal, i.e., he provides $30 per week "when he is working," and purchases food for the household, "when he can." There is no jointly owned property, save for a bank account on which Mrs. Gaboury is merely a signator, and which is used solely as a means for the Debtors to provide Jr. with cash. There are no joint liabilities. George Jr. does not have a driver's license, thus does not even share the use of a car, and there is no other financial intermingling or interdependency between the Debtors and their son, George Jr.

In short, based upon all of the circumstances, the Court considers that the Debtors' description of their son Jr.'s "contributions" consists mostly of affection and parental pride, and that, although he is probably a joy to have around, he is not a part of the economic engine that drives this household.

Accordingly, for today's purposes, this household consists of three people (the Debtors and their daughter, Megan). The Debtors are ordered to complete the means test consistent with the terms of this decision.

Enter:

/s/ Arthur N. Votolato

Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 11/18/2011

3